```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE

In re:                            :
                                  :
RELIANT ENERGY CHANNELVIEW,       :    Chapter 11 Case
LP, et al.,                       :
                                  :    Case No. 07-11160 (MFW)
              Debtors,            :
                                  :
_____:
KELSON CHANNEL VIEW LLC           :
(f/k/a KELSON ENERGY IV LLC)      :
                                  :
              Appellant.          :
                                  :
     v.                           :    Civil Action No. 08-409-JJF
                                  :    Bankruptcy Appeal No. 08-41
RELIANT ENERGY CHANNEL VIEW,      :
LP, et al.                        :
              Appellees.          :
                                  :
                                  :
```

Garvan F. McDaniel, Esquire, BIFFERATO GENTILOTTI LLC.,
Wilmington, DE.
Andrew K. Glenn, Esquire and Jeffrey R. Gleit, Esquire, KASOWITZ,
BENSON, TORRES & FRIEDMAN LLP, New York, New York.

Attorneys for Appellant.

Mark D. Collins, Esquire; Robert J. Stearn, Jr., Esquire; Paul N.
Heath, Esquire and Marcos A. Ramos, Esquire of RICHARDS, LAYTON &
FINGER, P.A., Wilmington, DE.

Attorneys for Appellees.

**MEMORANDUM OPINION**

December $\underline{9}$, 2008
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court is a Motion To Dismiss The Appeal Of Kelson Channelview LLC (f/k/a Kelson Energy IV LLC) (D.I. 5) filed by the Debtors, Reliant Energy Channelview LP, Reliant Energy Channelview (Texas) LLC, Reliant Energy Channelview (Delaware) LLC and Reliant Energy Services Channelview LLC (collectively, the "Debtors"). For the reasons discussed, the Court will deny the Motion.

## I. PARTIES' CONTENTIONS

This action arises in connection with an appeal by Kelson Channelview LLC (f/k/a Kelson Energy IV LLC) ("Kelson") of two orders entered by the Bankruptcy Court concerning the Debtors' sale of its assets. By Order dated March 18, 2008, the Bankruptcy Court approved the Debtors' request for certain bidding procedures for the auction of their assets, but expressly rejected the Debtors' request for authorization of a $15 million payment to Kelson as a break-up fee (the "Bidding Procedure Order"). Following entry of this Order, the Debtors auctioned their assets, and GIM Channelview Cogneration LLC ("GIM Channelview"), in affiliation with Fortistar LLC ("Fortistar"), was declared the highest bidder with a winning bid of $500 million. By Order dated June 9, 2008 (the "Sale Order"), the Bankruptcy Court entered an Order approving the sale of substantially all of the Debtors' assets to GIM Channelview.

1

Four days later, Kelson filed this appeal of both the Bidding
Procedure Order and the Sale Order; however, Kelson concedes that
the only issue raised by its appeal is whether the Bankruptcy
Court erred in denying the Debtors' request to pay a break-up fee
to Kelson as set forth in the Bidding Procedure Order.

By its Motion, the Debtors contends that Kelson's appeal of
the Bankruptcy Court's denial of the break-up fee was untimely.
Specifically, the Debtors contend that the Bidding Procedure
Order was a final and immediately appealable Order, because (1)
it had a substantial and material impact on the assets of the
Debtors' Estate, (2) it resolved a discrete legal issue, (3) it
required no additional fact finding, and (4) judicial economy
supports a finding of finality.  Because Kelson filed its appeal
87 days after the entry of the Bidding Procedure Order denying
the break-up fee, the Debtors request dismissal of this appeal.

In response, Kelson contends that the Bidding Procedure
Order denying the break-up fee was not a final, appealable order
because (1) the impact of the break-up fee on the Debtors' Estate
was negligible, (2) there was a need for further fact-finding by
the Bankruptcy Court after the entry of the Bidding Procedure
Order, (3) the Bidding Procedure Order did not have a preclusive
effect on future litigation, and (4) judicial economy militates
in favor of finding that the Bidding Procedure Order was
interlocutory.  According to Kelson, the Bankruptcy Court's

denial of the break-up fee in the Bidding Procedure Order did not become final until the Bankruptcy Court entered the Sale Order on June 9, 2008. Thus, Kelson contends that its June 13, 2008 appeal is timely.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 158(a)(1), the Court has jurisdiction to hear appeals "from final judgments, orders, and decrees" of the Bankruptcy Court. Federal Rule of Bankruptcy Procedure 8002(a) requires such appeals to be filed "within ten days after of the entry of the judgment, order or decree appealed from." Compliance with this ten day limitations period is jurisdictional, and the failure to timely file an appeal deprives the reviewing court of jurisdiction.

In determining whether an order of the Bankruptcy Court is final, the Court is required to take a flexible, pragmatic approach. See e.g. In re Armstrong World Indus., Inc., 432 F.3d 507, 2005 WL 3544810, (3d Cir. 2005). Although no specific combination of factors is dispositive on the question of finality, the Court should consider, among other things: (1) whether the order leaves additional work to be done by the Bankruptcy Court, (2) whether the order implicates purely legal issues, (3) the impact of the Bankruptcy Court's order upon the assets of the debtor's estate, (4) the necessity for further fact-finding on remand to the Bankruptcy Court, (5) the

3

preclusive effect of the District Court's decision on the merits of subsequent litigation; and (6) the furtherance of judicial economy.  U.S. v. Pelullo, 178 F.3d 196, 200-201 (3d Cir. 1999). Of these factors, the most significant is the impact upon the assets of the Debtors' estate.  In re Market Square Inn, Inc., 978 F.2d 116, 120 (3d Cir. 1992).

Reviewing the circumstances in this case in light of the aforementioned factors and the pragmatic approach to finality of Bankruptcy Court Orders, the Court concludes that the Bidding Procedure Order denying the break-up fee was not a final and immediately appealable order.  In this case, the sale of the Debtors' assets paid all of its creditors in full and the proposed break-up fee amounted to less than 3% of the Debtors' Estate, based on the ultimate purchase price.  While $15,000,000 was preserved for the shareholders of the Estate as a result of the Bankruptcy Court's Order, the Court cannot conclude that this sum represents a significant impact on the Estate, such that it tips the scales in favor of a conclusion that the Bidding Procedure Order is final.

Further, the Court concludes that the remaining considerations for the finality determination weigh in favor of a conclusion that the Bidding Procedure Order was not final.  As Kelson points out, the Bidding Procedure Order required the Bankruptcy Court to conclude that another bid was higher and

4

better than the bid provided by Kelson, and the Bidding Procedure

Order did not have a preclusive effect on further litigation

until the sale became final through the Sale Order.  The Court's

conclusion is generally consistent with the view of other Courts

who have considered bidding procedure orders, including orders

approving break-up fees.[1]  See e.g., In re Integrated Resources,

Inc., 3 F.3d 49 (2d Cir. 1993); Unsecured Creditors Cmt. v.

Belgravia Paper Co., Inc., (In re Great N. Paper, Inc.), 289 B.R.

497 (D. Me. 2003); Farmland Livestock Servs. v. United Agri

Prods., Inc. (In re Farmland Indus.), 289 B.R. 122 (8th Cir.

B.A.P. 2003).

The Debtors direct the Court to DDJ Capital Management, LLC

v. Fruit of the Loom, Inc. (In re Fruit of the Loom, Inc.), 274

B.R. 631 (D. Del. 2002) (Robinson, J.), for the proposition that

this jurisdiction treats break-up fee orders as final.  However,

the Court does not find Fruit of the Loom to be dispositive or

instructive, because it provides no analysis of the finality

issue and does not indicate whether the finality issues was even

disputed by the parties.

Further, the Court concludes that principles of judicial

economy dictate in favor of a conclusion that the Bidding

---

[1]    The Court recognizes that this case presents a denial
of a break-up fee, but the Debtors have not demonstrated to the
Court why a denial of a break-up fee should be treated any
differently than the approval of such a fee.

Procedure Order was interlocutory. As Kelson points out, the denial of the break-up fee, could have been rendered moot in its entirety had Kelson been declared the highest bidder. This fact supports the approach taken by courts considering break-up fees to the extent that they have determined that it is best to wait and see how the sale proceeds before making any final determinations regarding break-up fees and/or the other procedures used.

Based on the aforementioned factors and taking a flexible approach to the finality of orders issued in the bankruptcy context, the Court concludes that the Bidding Procedure Order was not a final appealable Order until the Sale Order was entered. Accordingly, the Court will deny the Debtors' Motion requesting the dismissal of this appeal.

**III. CONCLUSION**

For the reasons discussed, the Court will deny the Debtors' Motion to Dismiss the Appeal of Kelson Channel View LLC.

An appropriate Order will be entered.